FILED
2015 Nov-05  PM 02:45
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

SHELLEY MCREE,

      PLAINTIFF,

      VS            CASE NO. _____

ENHANCED RECOVERY COMPANY, LLC,

      DEFENDANT,

## COMPLAINT

COMES NOW Plaintiff, by and through counsel in the above styled cause, and for Plaintiff's Complaint against the Defendant, states as follows:

## PARTIES

1. Plaintiff Shelley Mcree is a resident of Shelby County, Alabama, over 19 years of age, and is competent to bring this action.

2. Defendant Enhanced Recovery Company, LLC, is a Delaware corporation with its principal place of business located in Jacksonville, Florida and was doing business in Shelby County, Alabama at all times material to this Complaint.

3. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331.

## FACTUAL ALLEGATIONS

4. Defendant began harassing collection activities against Plaintiff. Defendant made dozens of harassing and repeated phone

calls to Plaintiff's cell phone.

5.   Defendant illegally used an autodialer to call Plaintiff's cell phone without permission to do so in violation of the Telephone Consumer Protection Act (TCPA) 47 U.S.C. § 227, et seq. ("TCPA").

6.   Defendant illegally used a predictive dialer to call Plaintiff's cell phone without permission to do so in violation of the TCPA.

7.   Defendant illegally used pre-recorded calls to call Plaintiff's cell phone without permission to do so in violation of the TCPA.

8.   The volume and type of calls are harassing as the intent and motive behind them are to harass Plaintiff.

9.   All telephone contact by Enhanced Recovery Company, LLC to Plaintiff on her cellular telephone occurred via an "automatic telephone dialing system" as defined by 47 U.S.C. § 227(a)(1), and all calls that are the subject of this Complaint occurred within four years of the filing of this Complaint.

10.   The telephone calls placed by Enhanced Recovery Company, LLC  to Plaintiff's cellular telephone via the automatic telephone dialing system used "an artificial or prerecorded voice" as described in 47 U.S.C. § 227(b)(1)(A).

11.   The telephone number that Enhanced Recovery Company, LLC used to contact Plaintiff with a "prerecorded voice" made by

an "automatic telephone dialing system was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

12.   The complained of calls constituted calls not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

13.   The above detailed conduct by Enhanced Recovery Company, LLC  of harassing Plaintiff was an invasion of Plaintiff's privacy by an intrusion upon seclusion and resulted in actual damages to the Plaintiff.

14.   This series of abusive collection calls by Defendant by and through its employees, agents, and/or representatives caused Plaintiff stress and anguish as a result of these abusive calls.

15.   Defendant's repeated attempts to collect this debt from Plaintiff and its refusal to stop violating the law was an invasion of Plaintiff's privacy and Plaintiff's right to be left alone.

16.   Plaintiff has suffered actual damages as a result of these illegal collection communications in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

17.   Plaintiff is a "consumer" for purposes of the Fair Debt Collection Practices Act ("FDCPA") as defined in 15 U.S.C. § 1692a(3).

18.   Defendant is a "debt collector" for purposes of the Fair Debt Collection Practices Act ("FDCPA") as defined in 15 U.S.C. §1692a(6).

19.   Defendant engaged in "communications" with Plaintiff for purposes of the FDCPA as defined in 15 U.S.C. §1692a(2).

20.   Defendant engaged in communications with Plaintiff for the purpose of collecting a "debt" as defined in FDCPA, 15 U.S.C. § 1692a(5).

COUNT I

VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT ("TCPA") 47 U.S.C. § 227, et seq.

21.   Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

22. Defendant has repeatedly violated the TCPA by the calls made to Plaintiff, specifically the numerous calls by illegal automatic dialers and/or predictive dialers that have been unleashed against Plaintiff by Defendant, including but not limited to, the calls to Plaintiff at all hours of the day and night, including calls to Plaintiff's cellular telephone.

23.   Defendant has repeatedly violated the TCPA by the calls made to Plaintiff, specifically the numerous calls by illegal pre-recorded messages that have been unleashed against Plaintiff by Defendant, including but not limited to, the calls to Plaintiff's cell phone.

24.    There is no exception of justification for the numerous violations of the TCPA by Defendant.

25.    Each call is a separate violation and entitles Plaintiff to statutory damages against Defendant in the amount of at least $500.00 per call and Plaintiff requests that since the violations were made intentionally or recklessly that the violations be assessed a statutory damage of $1,500.00 per call, in accordance with 47 U.S.C. § 227(b)(3).

26.    All actions taken by Defendant were taken with malice, were done willfully, recklessly and/or were done with either the desire to harm Plaintiff and/or with the knowledge that its actions would very likely harm Plaintiff and/or that its actions were taken in violation of the TCPA and/or that knew or should have known that its actions were in reckless disregard of the TCPA.

27.    All of the violations of the TCPA proximately caused the injuries and damages set forth in this Complaint.

WHEREFORE, Plaintiff demands judgment against Defendant for statutory, actual, compensatory, and/or punitive damages in an amount to be determined by the trier of fact, together with attorney's fees, interest from the date of injury and the costs and expenses of this proceeding.  Plaintiff prays for further and other just and equitable relief against Defendant.

## COUNT II
### NEGLIGENT, RECKLESS, WANTON, MALICIOUS
### AND/OR INTENTIONAL CONDUCT

28.  All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

29.  Defendant owed a duty to Plaintiff not to place telephone calls to Plaintiff's cellular telephone in violation of state and/or federal law, not to continually harass her with regard to this debt in violation of state and/or federal law, not to attempt to collect on an alleged debt in an illegal and unreasonable manner as stated throughout the allegations in this Complaint.

30.  Defendant had a duty under Alabama law to act reasonably under the circumstances.

31.  Defendant violated this duty under Alabama law by failing to cease contacting Plaintiff on her cellular telephone in violation of state and/or federal law and/or by attempting to collect on an alleged debt in an illegal and unreasonable manner as stated throughout the allegations in this Complaint.

32.  Defendant violated its duties to Plaintiff and such violations were made intentionally, recklessly, wantonly, maliciously, and/or negligently.

33. Plaintiff has been damaged as a proximate result of Defendant's wrongful conduct as set forth in this Complaint.

WHEREFORE, Plaintiff demands judgment against Defendant for actual, compensatory, and/or punitive damages in an amount to be determined by the trier of fact, together with attorney's fees, interest from the date of injury and the costs and expenses of this proceeding.  Plaintiff prays for further and other just and equitable relief against Defendant.

<u>COUNT III</u>
<u>INVASION OF PRIVACY BY INTRUSION UPON SECLUSION</u>

34.  All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

35.  Alabama law recognizes Plaintiff' right to be free from invasion of privacy and Defendant violated Alabama state law as described in this Complaint, including, but not limited to, making numerous telephone calls to Plaintiff's cellular telephone, using automated and/or predictive dialers, and/or leaving pre-recorded messages in an attempt to harass, annoy, and/or oppress Plaintiff in violation of state and/or federal law.

36.  Defendant intentionally, recklessly, and/or negligently interfered, physical or otherwise, with the solitude, seclusion and/or private concerns or affairs of the Plaintiff, including, but not limited to, making numerous telephone calls to Plaintiff's cellular phone using automated and/or predictive dialers leaving pre-recorded messages in an attempt to harass, annoy, and/or oppress Plaintiff in violation of state and/or

federal law and by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.

37.   Defendant intentionally, recklessly, and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting upon an alleged debt and by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy thereby invading and intruding upon Plaintiff's right to privacy.

38. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

39.   The conduct of Defendant in engaging in the above described illegal conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by this Defendant which occurred in a way that would be highly offensive to a reasonable person in that position.

40.   As a result of such intrusion and invasions of privacy, Plaintiff is entitled to compensatory and/or punitive damages from Defendant.

41. All the above acts and omissions of Defendant by and through its agents and/or employees were committed with malice, intent, wantonness, and/or recklessness and as such Defendant is subject to punitive damages.

WHEREFORE, Plaintiff demands judgment against Defendant for actual, compensatory, and/or punitive damages in an amount to be determined by the trier of fact, together with attorney's fees, interest from the date of injury and the costs and expenses of this proceeding.  Plaintiff prays for further and other just and equitable relief against Defendant.

<u>COUNT IV</u>
<u>VIOLATIONS OF THE FAIR DEBT COLLECTION</u>
<u>PRACTICES ACT 15 U.S.C. §1692 et seq.</u>

42.  All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

43.  Debt collectors are prohibited by 15 U.S.C. §1692d(5) from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

44.  Defendant made numerous and repeated phone calls to Plaintiff's cell phone with the intent to annoy, abuse, or harass Plaintiff in violation of U.S.C. §1692d(5).

45.  Defendant has called Plaintiff's cell phone numerous times a day in an attempt to harass Plaintiff into paying an alleged debt as Plaintiff and Defendant have no business and/or contractual relationship in violation of 15 U.S.C. §§1692f(1), e(2) and/or e(5).

46.  Defendant's actions in this matter as detailed throughout this Complaint constitute unfair collection practices

with regard to an alleged debt of Plaintiff in violation of 15 U.S.C. §1692f.

47.   Further, the natural consequence of the conduct of Defendant in this matter as detailed throughout this Complaint is to harass, oppress, and abuse Plaintiff in violation of 15 U.S.C. §1692d.

48.   All actions taken by Defendant were done willfully, with malice, recklessly and/or were done with either the desire to harm Plaintiff and/or with the knowledge that its actions would very likely harm Plaintiff and/or that its actions were taken in violation of the FDCPA and/or that knew or should have known that its actions were in reckless disregard of the FDCPA.

49.   Defendant's violations of the FDCPA proximately caused the injuries and damages to Plaintiff as set forth in this Complaint, including actual damages in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

WHEREFORE, Plaintiff demands judgment against Defendant for statutory, actual, compensatory, and/or punitive damages in an amount to be determined by the trier of fact, together with attorney's fees, interest from the date of injury and the costs and expenses of this proceeding.   Plaintiff prays for further and

other just and equitable relief against Defendant.

/s/ Jerry O. Lorant
Jerry O. Lorant (ASB-8235-N60J)
Attorney for Plaintiff

Jerry O. Lorant
Attorney at Law
14 Office Park Circle
Ste 115
Mountain Brook, AL  35223
(205) 445-1385

    PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS CAUSE.

/s/ Jerry O. Lorant
Attorney for Plaintiff

REQUEST FOR SERVICE BY CERTIFIED MAIL

    Plaintiff requests service by certified mail as follows:

Defendant's Address:

Enhanced Recovery Company, LLC
c/o Registered Agent:
CT Corporation System
2 North Jackson Street, Ste 605
Montgomery, AL  36104